**In re Robert E. DENT, Debtor.**

**No. 01–10064–WRS.**

United States Bankruptcy Court, M.D. Alabama.

March 21, 2002.

Richard R. Klemm, Klemm, Gourley & Scott P.C., Dothan, AL, for debtor.

Curtis C. Reding, Montgomery, AL, Chapter 13 Trustee.

### *MEMORANDUM DECISION*

WILLIAM R. SAWYER, Bankruptcy Judge.

This Chapter 13 case came before the Court for hearing on March 6, 2002, upon the Debtor's Motion for Order Requiring Return of Property (Doc. 8), and the Court's order for the Debtor's attorney to show cause why sanctions should not be imposed for bad faith filing of Chapter 13 petition and statement of financial affairs. (Doc. 9) Debtor Robert E. Dent appeared in person and by counsel Richard R. Klemm. At the conclusion of the hearing, the Court dismissed this Chapter 13 case with a 180–day injunction against refiling under any chapter of the Bankruptcy Code. In addition, the Court imposes sanctions against Klemm in his personal capacity in the amount of $500.00 for violations of Bankruptcy Rule 9011.

### I. FINDINGS OF FACT

Before considering the facts of this case, one should first review the record of a prior Chapter 13 case. On September 19, 2001, Klemm filed a Chapter 13 petition on behalf of the Debtor initiating Case No. 01–5887. That case was dismissed on Trustee's motion on November 29, 2001 for non-payment. The Trustee's report in that case shows that the Debtor did not make any payments to the Trustee under that Chapter 13 plan.

On January 9, 2002, Dothan Motor Company repossessed one of the Dent's vehicles, apparently because he was not making the payments. Dent filed the instant case on January 11, 2002, two days after the repossession. The vehicle repossession was the most immediate factor which motivated the current Chapter 13 filing.

Klemm is counsel of record for Dent in this case as he was in the prior case. The voluntary petition filed in this case, signed by both the Debtor and Klemm, represents that the Debtor had not filed any prior bankruptcy cases within the last six years. (Doc. 1)(Form B1, page 2). This representation was false, and known to be false both by the Debtor and Klemm. In addition, the Debtor's Statement of Financial Affairs represents that the Debtor has not had any property repossessed within one year of the commencement of this case. (Doc. 1)(Statement of Financial Affairs, Question No. 5). This representation is also false, and was known to be false both by Klemm and the Debtor as Dothan Motor Company had repossessed Debtor's 1991 Buick LeSabre only two days before. Therefore, on January 11, 2002, a petition in bankruptcy and a Statement of Financial Affairs were filed with this Court with material misstatements of fact. Both Klemm and the Debtor were aware of the misstatements.

### II. CONCLUSIONS OF LAW

The Court will consider two separate matters here. First, it will consider whether sanctions should be imposed against the Debtor's lawyer Richard R. Klemm. Second, it will consider whether the Debtor's present Chapter 13 case should be dismissed as a bad faith filing and, if so, whether an injunction against refiling should be imposed. For the reasons set forth below, sanctions against Klemm, in the amount of $500.00 are imposed and this Chapter 13 case is dismissed. Moreover, the Debtor is enjoined from filing any cases under Title 11 for a period of 180 days from the date of this order.

### A. RULE 9011 SANCTIONS

The Court will consider four separate matters in its determination of the ques-

tion of whether Klemm violated the provisions of Rule 9011. The first question is whether the statement in the petition indicating that no prior cases had been filed within the past six years is such a violation. Second, whether the answer to Question No. 5 in the Statement of Financial Affairs, which represented that no repossessions had occurred in the past year, was a violation of Rule 9011. Third, whether the filing of the petition itself was a violation. Fourth, whether the Motion to Return Property was filed in violation of Rule 9011.

Bankruptcy Rule 9011 provides, in part, as follows:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—
>
> \*   \*   \*   \*   \*   \*
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. BANKR. P. 9011(b). The Court will consider whether the four discrepancies noted above are sanctionable pursuant to Rule 9011.

### 1. Failure to disclose prior filing

■ The first question presented here is whether Klemm violated Rule 9011 when he filed a petition which falsely stated that no prior cases had been filed. On page two of the petition in bankruptcy, the debtor is required to disclose all bankruptcy cases filed within the past six years. (Doc.

1). As the Debtor had filed his previous case on September 19, 2001, he should have disclosed the filing information on page two of the petition filed in this case. Instead, the petition falsely indicates that there were no prior filings.

Klemm argues that this error was caused by the haste in which this case was filed. Klemm stated his first priority was to get this case filed and retake possession of the vehicle. His implication is that the accuracy of the petition, schedules and statements is secondary to achieving the aims of his client. The Court does not agree. At most, haste in filing a petition and schedules is a fact which the Court may consider in the totality of the circumstances. As Klemm was counsel of record in both cases, he had the necessary information in his files. The Court concludes that Klemm did not conduct a reasonable inquiry. Therefore, by filing a petition in bankruptcy in this case with the false representation as to prior cases, Klemm violated the provisions of Rule 9011(b)(3).

### 2. Failure to disclose repossession

■ Second, the Court will consider whether the false statement concerning the repossession is a separate violation of Rule 9011. Question No. 5 in the Statement of Financial Affairs calls for the Debtor to "list all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of the case." As the repossession took place only two days prior to the filing of the petition in this case and as that event triggered this bankruptcy filing, Klemm cannot legitimately claim lack of knowledge of this fact. Clearly, Klemm knew that the answer to Question No. 5 was false at the time the statement was filed.

In response to the question as to why a Statement of Financial Affairs was filed which failed to disclose the January 9, 2002 vehicle repossession, Klemm argued that he did not know of the repossession until some time after the filing of the petition. In response to the Court's previous question, as to why the prior bankruptcy filing had not been disclosed on the petition filed in this case, Klemm indicated that the emergency created by the vehicle repossession created an emergency that caused him to file the petition in haste. The Court rejects Klemm's claim that he did not know of the repossession until after the fact as this claim directly contradicts the claim made in response to the question as to why he failed to disclose his prior bankruptcy filing in the petition filed in this case. Klemm either knew about the repossession at the time of filing or he did not. He cannot claim on the one hand that he knew of the repossession which made haste which (he claims in turn) caused the error in the petition, yet on the other hand claim that he did not know of the repossession for purposes of completing the Statement of Financial Affairs. The Court finds that Klemm knew that the answer to Question No. 5 on the Statement of Financial Affairs was false when he made it, therefore, the statement was filed in violation of Rule 9011(b)(3).

### 3. Petition filed in bad faith

■ Third, the Court will consider whether the Chapter 13 petition itself was filed in bad faith. The Debtor's first case (Case No. 01–5887) was dismissed because no payments were made on the plan. A debtor in a case under Chapter 13 is required to begin making payments under his plan not later than 30 days after the commencement of the case. 11 U.S.C.

§ 1326. It should be remembered that cases under Chapter 13 are different than cases under Chapter 7 in that a debtor in a case under Chapter 7 keeps only his exempt property and the trustee in bankruptcy liquidates the remaining property and distributes the proceeds to creditors. Cf. 11 U.S.C. Section 726 and 11 U.S.C. § 1326. In a case under Chapter 13, the debtor keeps all of his property and is required to file a plan and make payments to the Chapter 13 Trustee. 11 U.S.C. §§ 1321, 1326. Thus, the plan payments are the consideration for the privilege of keeping one's property. The obligation to make plan payments to the Chapter 13 Trustee is the central obligation owed by a debtor in a case under Chapter 13 of the Bankruptcy Code.

■ Where, as here, a second Chapter 13 bankruptcy petition is filed shortly after the dismissal of the first for nonpayment, it is reasonable to inquire whether the second petition is filed in good faith. The failure to disclose the previous filing in a second petition, as was done here, gives rise to an inference that the Debtor and his lawyer may be attempting to conceal the fact of the earlier filing. In his motion for return of property, the Debtor claims that he "was confused about the income withholding order and when this was to take effect." (Doc. 8). This explanation is not satisfactory. Counsel representing debtors in this Court should instruct their clients to review their paycheck stubs in order to determine whether a deduction for the Chapter 13 plan payment has been made by the employer. If a deduction is made, the employee may assume that his plan payment has been made.[1] If a deduction is not made, the debtor must purchase a money order or

---

1. The debtor should retain copies of his paycheck stubs so that he has proof of payment in the event there is a discrepancy between the amount deducted and the amount received by the Trustee.

obtain a certified check in the amount of the plan payment and send it to the Chapter 13 Trustee.[2] The employer's failure to make deductions for a debtor's Chapter 13 plan payment does not excuse the debtor's obligation to make plan payments. It was Klemm's duty as counsel for a debtor in a case under Chapter 13 to make sure his client understood his obligations.

One might assume that the Debtor in this case, having had his first case dismissed for nonpayment, would make sure that his plan payments were current. Unfortunately this did not happen. Dent's plan provides that payments in the amount of $325.00 monthly were to be made beginning on February 1, 2002. When this case was called for hearing on March 6, 2002, two monthly payments had come due. Klemm represented to the Court that two "weekly" payments had been made.[3] The Chapter 13 Trustee reported that his records indicated that no payments had been received in this case. Dent produced a copy of a stub of a certified check which indicated that on March 6, 2002, the day of the hearing, he had purchased a certified check in the amount of $164. Whether this money had been mailed to the Trustee could not be established except by the uncorroborated testimony of the Debtor. Even if one assumes that it had, the plan in this case is already seriously in default. Two monthly payments in the amount of $325 had come due, for a total of $650, yet at most $164 had been paid, assuming that the Debtor testified truthfully. The fact that the Debtor has again gone into default in his second case undercuts his claim of a mistake in the first case. Rather, it appears that the Debtor has filed two cases in short succession to thwart Dothan Motors in its efforts to repossess the vehicle, with no intention of making the required plan payments in either case. The filing of the petition in this case was done in violation of Rule 9011(b)(1).

### 4. Motion for return of property

■ The Court will next consider whether Klemm violated Rule 9011 when he filed the Debtor's "Motion for Order Requiring Return of Property." (Doc. 8). In this motion, Klemm states that "the Debtor would request that the Court require the creditor to return the automobile to the Debtor as it and the debt are part of this Chapter 13 case." The relief sought by way of this motion appears to be precluded by decision of the Eleventh Circuit Court of Appeals in *Charles R. Hall Motors v. Lewis (In re Lewis)*, 137 F.3d 1280, 1285 (11th Cir.1998), *reh'g and reh'g en banc denied* 149 F.3d 1197 (1998). In this case, as in *Lewis*, a vehicle was repossessed two days prior to the filing of a Chapter 13 petition. The Eleventh Circuit in *Lewis* held that the debtor did not have an interest in the vehicle and therefore could not compel its return. *Lewis*, 137 F.3d at 1284–85. The question next becomes whether this motion constitutes a "nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Rule 9011(b)(2), FED. R. BANKR. P. To be sure, such an argument could be made in good faith without running afoul of Rule 9011. *See In re Greene*, 248 B.R. 583 (Bankr. N.D.Ala.2000). The Court, having considered the motion and posture of these two cases, finds that Klemm did not make such

---

**2.** The Chapter 13 Trustee does not accept personal checks. If a personal check is received by the Chapter 13 Trustee, it is returned to the debtor and his plan is in default.

**3.** This was somewhat confusing in that the Debtor's plan, which was drafted by Klemm, called for monthly and not weekly payments. Klemm's statement was false and known by him to be false at the time he made it.

an argument here. The assertion that the vehicle in question is "part of this Chapter 13 case" is, by itself, insufficient. Rather, when pressed by the Court for an explanation as to why he filed the motion, Klemm orally withdrew the motion at the March 6, 2002 hearing.[4] The Court notes that Dothan Motor Company, the target of the motion, had counsel present at the hearing. The Court finds that the Motion for Order Requiring Return of Property was filed in violation of Bankruptcy Rule 9011(b)(2).

### 5. A monetary sanction is appropriate

■ The Court finds that Klemm has assisted the Debtor in his efforts to abuse the protections of the Bankruptcy Court and made misrepresentations to the Court in an effort to delay creditors. Klemm has committed at least three violations of Rule 9011. First, he failed to disclose information relating to his first filing (Case No. 01–5887) on the petition in this case. Second, he filed a false Statement of Financial Affairs, wherein he failed to disclose the vehicle repossession. Third, notwithstanding the first two violations, Klemm filed the petition in this case in bad faith for the improper purpose of harassing and delaying creditors knowing that his client did not have a good faith intention to pay creditors. Klemm's lack of candor in responding to the Court is a factor which the Court will consider. Klemm's responses to the Court's inquiry as to why the misrepresentations had been made on the petition and statement were contradictory and false. In the "Motion for Order Requiring Return of Property," (Doc. 8) Klemm alleged that nonpayment in the first case was the result of a "misunderstanding." Given the Debtor's actions in the second

case, this factual allegation is almost certainly false. In response to the Court's inquiry as to the status of plan payments in this case, Klemm was contradicted not only by the Trustee's records, but by documentary evidence provided by his own client. When the Court inquires of the status of a case, counsel may not make a false and misleading response. *See* ALA. RULES OF PROF'L CONDUCT R. 3.3(a)(1).

In examining the Schedules and Statements in this case, the Court notes that, in every blank on every page calling for a Case Number, "white-out" tape appears. If the page is held up to the light, one may quite distinctly see the number 01–5887, the case number for the prior case, appears under the "white-out" tape in every blank. It appears that Klemm simply took a copy of the schedules and statements filed in Case No. 01–5887 and "whited-out" the case number, without updating the information. Therefore, he certainly knew the statements were false when he filed them.

■ Having determined that Klemm has violated the provisions of Bankruptcy Rule 9011(b), the Court must next determine whether a sanction should be imposed and, if so, its nature. Sanctions are warranted if: "(1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir.1995). This Rule 9011 proceeding was initiated by the Court pursuant to Rule 9011(c)(1)(B) and its order of February 8, 2002. (Doc. 9). "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repeti-

---

4. One may argue that the 21–day "safe harbor" provision of Rule 9011(c)(1)(A), should be imported into proceedings initiated by the Court pursuant to Rule 9011(c)(1)(B). As Klemm did not withdraw his motion within 21 days of the Court's February 8, 2002 Order, the Court need not reach the question here.

tion of such conduct or comparable conduct by others similarly situated." Rule 9011(c)(2). The Court, having considered all of the facts and circumstances of this case and Case No. 01–5887, finds that a monetary sanction in the amount of $500.00 should be imposed against Klemm for the violations described above. The Court considers these violations and Klemm's lack of candor in responding to the Court's inquiry to be serious matters and if this sanction is not sufficient to deter future violations, a larger sanction will be imposed.

## B. DISMISSAL OF CHAPTER 13 CASE

■ A case under Chapter 13 may be dismissed for the "failure to commence making timely payments under § 1326." 11 U.S.C. § 1307(c)(4). As payments had come due on February 1, 2002 and March 1, 2002, and none had been received by the Trustee as of the date of the hearing (March 6, 2002), the Court finds that this case should be dismissed for the failure to commence making timely payments.

■ The timing of the filing of Debtor's two Chapter 13 cases suggests to this Court that the Debtor is abusing its protections. Debtor's first case was dismissed because he failed to make any payments to the Chapter 13 Trustee. The filing of a second petition so soon after the dismissal of the prior case for failure to make payments raises suspicions that the bankruptcy filings are in bad faith or are not sincere efforts of Debtor to repay his

creditors. The Court concludes that Debtor has acted in bad faith. A 180–day injunction is imposed pursuant to 11 U.S.C. § 105 to ensure that there is no abuse of the Court's process by the Debtor in the future. While, the Court does not suggest that successive filings always constitute bad faith; multiple filings may be evidence of such. *In re Vanfossen*, 258 B.R. 814, 818–21 (Bankr.N.D.Ala.2001)(citing *Shell Oil Co. v. Waldron (In re Waldron)*, 785 F.2d 936, 941 (11th Cir.1986)); *In re Herrera*, 194 B.R. 178, 187 (Bankr. N.D.Ill.1996); *In re Earl* 140 B.R. 728, 736 (Bankr.N.D.Ind.1992) (finding that "the filing of successive or serial Chapter 13 petitions does not constitute lack of good faith *per se*, it may be evidence of the lack of good faith"). While a finding of bad faith has been made and an injunction imposed, the dismissal of this case is not made pursuant to 11 U.S.C. § 349(a). In other words, in the event that the Debtor files a bankruptcy case in the future, the debts presently owed are not made nondischargeable pursuant to this order of dismissal.

■ Under the current Chapter 13 plan, Debtor's payments to the Trustee should have commenced on February 1, 2002. As of the date of the hearing (March 6, 2002), no payments had been received by the Trustee. The Court finds that a 180–day injunction against refiling is necessary to protect the integrity of its process and to prevent the Debtor and his lawyer from abusing the protections of the Bankruptcy Code.[5] 11 U.S.C. § 105(a).

---

**5.** The Court is specifically relying upon its powers under Section 105(a) of the Bankruptcy Code in enjoining this Debtor from refiling during the 180–day period. *See* 11 U.S.C. § 105(a). The 180–day bar against refiling contained in Section 109(g) is inapplicable to the case at bar as the case was not dismissed for willful failure of the Debtor to appear or abide by court orders, nor did the Debtor

request voluntary dismissal of the case. 11 U.S.C. § 109(g). The Court notes that, in the proper case, there is authority to extend an injunction against refiling beyond the 180–day limit contained in Sections 109 and 349(a) of the Bankruptcy Code. *See* 11 U.S.C. § 349(a) (Effect of Dismissal); *see e.g., In re Casse*, 198 F.3d 327, 339–40 (2d Cir.1999) (following the Fourth Circuit and "the great

Section 105 gives the Bankruptcy Court broad powers to take whatever action is "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." § 105(a). This injunction specifically bars refiling under any chapter of the Bankruptcy Code for the duration of this period. The Court will enter separate orders on these matters.

## ORDER OF DISMISSAL OF CHAPTER 13 CASE TOGETHER WITH INJUNCTION AGAINST REFILING

For the reasons set forth in this Court's Memorandum Decision of this date, this Chapter 13 case is DISMISSED. In addition, the Debtor is ENJOINED from filing any cases under Title 11 within 180 days from the date of this order.

## ORDER IMPOSING SANCTIONS AGAINST RICHARD R. KLEMM PURSUANT TO RULE 9011

Pursuant to this Court's Memorandum Decision of this date, a monetary sanction is imposed against Richard R. Klemm, in is personal capacity, in the amount of $500, payable to the Clerk of the Court within 30 days. This sanction shall not be billed to or reimbursed by the Debtor.

majority of lower courts which derive from §§ 105(a) and 349(a) of the Code a bankruptcy court's power, in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days"); *In re*

*Tomlin*, 105 F.3d 933, 938 (4th Cir.1997) (concluding "that § 349 was never intended to limit the bankruptcy court's ability to impose a permanent bar to discharge that would have res judicata effect").